Judge Roane.
A preliminary question arises in this cause, from the additional point stated by the appellant’s counsel, namely, “ that the decree sought to be reversed “ by the bill of review was erroneous, because the case “ was not set for a hearing, according to the act of As- “ sembly.”
This question again subdivides itself into two points of view ; viz. 1. Whether this alleged irregularity is, under any circumstances, a ground for a bill of review; and, 2. If so, whether in this case it can be set up as such ground, under the particular frame of the bill which has been rejected, in the case before us.
As to the first point of view, it is clear, that a hill of review lies only for new waiter discovered since the decree, or for errors apparent on the face of the decree.
When a bill of review is brought for error apparent on the face of the decree, the constant method is, (in England^) for the defendant to put in a pica of the decree, anda demurrer against opening the enrolment. (a) On this plea, of the decree, (and it only,) and demurrer, the Court judges whether there are any grounds for opening the enrolment ; and the overruling the demurrer is there considered as giving leave to file the bili.(b) Our practice, in this particular, is variant; as stated by a note of the Reporters in 2 Hen. & Munf. 591. Ellzey v. Lane's Executrix, to which I beg leave to refer. That variation, however, does not change the principle, as deducible from the English cases. In England, the plea is of the decree itself, (and of it only, not of extraneous matters in relation to the progress of the cause,) accompanied by a demurrer obj; cling to opening the enrolment, on the ground that there is no error in the decree thus pleaded. 1 his brings us to inquire, whether the matter now objected, in this additional point, is properly to be considered as a part of the decree, or ought regularly to have been made a part thereof; or, in other words, whether the decree is erroneous in not having stated on its-face, that all the requi *244 sitions of the law ior maturing a cause tor trial, had bees-complied with.
In 1 Harrison’s Ch. Prac. 108. (old edit.) it is said, that, in drawing the decree, it is not held to be sufficient to recite therein the bill and answer, and then add that, upon reading the proofs, and hearing what was alleged on either side, it was decreed so and so ; but that the facts which were proved and allowed by the Court to be proved, must be particularly mentioned in the decree. It is nowhere said, however, that it is necessary, or proper, to insert in a decree, that all the previous and preliminary measures necessary to prepare a cause for hearing had been complied with, and therefore the omission of these in the decree would be no objection thereto. In the same book, p 110. the form of a decree is given us, in which the substance of the proofs is stated in che decree, together with that of the bill and answer; but no other matters of the character last mentioned are stated iherein.
If, then, circumstances of this last description form, properly, no part of the decree of the Court, even in England, where the decrees are drawn very particularly and minutely by the register; and a bill oí review of the kind we are now considering is confined to matters of error apparent on the face of the decree itself; an omission similar to that now alleged is no ground for a bill of review ; for such circumstances neither do appear in practice, nor ought they properly to appear on the face of the decree itself.
We are told, in 1 Harr. Ch. Prac. 290. that a bill of review is in nature of a writ of error at common law. In a writ of error it is held, that a man shall never assign that for error which he might have pleaded in abatement, for it shall be accounted his folly to have neglected the proper time of taking this exception.(a) Again, it is said, that, if there be an omission of any writ or process, &c. yet, if judgment be not given thereupon, but the party appears and pleads to issue, and judgment^ is given on the verdict, this is not erroneous, because he had not taken advantage of this before pleading to issue.(b)
*245 In the case bdorc us, it is p.oved, on die contrary, by Mr. ACCraw, that the cause was set for hearing, which we are to intend was regularly done, by consent or otherwise, as the appellant has not shewn the contrary; especially since the first answer of the only acting executor was sworn to near five years before the decree was pronounced, and therefore there was sufficient time for that purpose. The analogy from these cases in relation to writs of error, shews, that, whatever remedy the party may have had in proper time, (or may now have,) for tile alleged irregularity in carrying the cause to trial, such irregularity is not a proper ground for a bill of review.
This view of the case supersedes the necessity of considering the second question ; namely, whether this particular ground of exception, if material, ought to have been distinctly assigned and pointed out in the bill of review; as to which I give no opinion, especially as the Court is so thin at present. My opinion, therefore, on this preliminary question is, that the additional point made by the appellant’s counsel is not competent to warrant the bill of review, nor can be relied on in support thereof. With respect to the absence,of counsel being a just ground ior a bill of review, to say nothing of the frauds which would he produced thereby, this ground is interdicted by the criterion I have already mentioned, namely, that bills of review must be either for new matter recently discovered, or errors apparent on the face of the decree. That criterion explodes the pretension in question, as a ground for a bill of review.
Judge Tucker concurred.
J3y the Court, (Judge Fleming not sitting in the cause,) the order of the Chancellor disallowing a hill of .review, was aítirmed.

 2 Atk. 534. Gould v. Tancred.

 Ib.

 2 Bac.492. Gwil. edit.

 Ib.